IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.      No. CR 09-2910 JB

IGNACIO ALFREDO TREVINO-ORTIZ,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (I) the Defendant's Sentencing Memorandum, filed November 12, 2009 (Doc. 17); (ii) the Defendant's Amended Sentencing Memorandum, filed November 17, 2009 (Doc. 18); and (ii) Trevino-Ortiz's oral request for the Court to sua sponte find that his criminal history is overrepresented. The Court held a sentencing hearing on November 24, 2009. The primary issue is whether a downward departure of Defendant Ignacio Alfredo Trevino-Ortiz's criminal history category, from a category III to a category II, is warranted. The Presentence Investigation Report ("PSR") calculated Trevino-Ortiz's offense level at 10 and his criminal history category at III, establishing a guideline imprisonment range of 10 to 16 months. Pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Court accepts the fast-track plea agreement, which includes a 2-level downward departure. Trevino-Ortiz's offense level after the downward departure is 8 and his criminal history category is III, establishing a guideline imprisonment range of 6 to 12 months.

Trevino-Ortiz's first Sentencing Memorandum requested the Court to remove three points from his criminal history points, because of an over-representation of his criminal history. See Sentencing Memorandum at 2. In his Amended Sentencing Memorandum, he explained: "Defendant

is prohibited, pursuant to his plea agreement, from challenging the Court's final determination of his offense level as well as his criminal history category. Defendant would bring to the Court's attention that the Defendant's only criminal blemish is an illegal reentry case in 2008." Amended Sentencing Memorandum at 1-2. The Amended Sentencing Memorandum removed the request to remove criminal history points. In the United States' response to both sentencing memoranda, it stated: "It is the United States' position that the Defendant's sentencing memorandum does not violate . . . the plea agreement, but rather gently demonstrates that a sentence at the low-end of the advisory Guidelines range would be an appropriate sentence in this case." United States' Response to Defendant's Sentencing Memorandum, filed November 18, 2009 (Doc. 19). At the hearing, James Baiamonte, Trevino-Ortiz's attorney, stated: "Your Honor, I'm prohibited from arguing for too much today pursuant to the fast-track plea agreement, we're not in a position to request much of this Court. Unfortunately, that's the case and we abide by that agreement, but of course, there's nothing preventing the Court from sua sponte perhaps determining that there might be a wee bit of over-representation in Mr. Trevino-Ortiz's criminal history." Transcript of Hearing at 4:5-11 (taken November 24, 2009)(Baiamonte).[1]

Trevino-Ortiz illegally re-entered the United States after a previous deportation subsequent to a felony conviction. The Court notes that Trevino-Ortiz's criminal history is entirely made up of illegal reentry crimes. The Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant, and the Court believes, after reviewing Trevino-Ortiz's criminal history, that there does not appear to be any sound reason to conclude that his criminal history is overstated. The Court believes that the punishment

---

[1] The Court's citation to the transcript refers to the court reporter's original, unedited version. The final transcript may contain slightly different page and/or line numbers.

set forth in the sentencing guidelines is appropriate for this offense. The Court, therefore, will deny Trevino-Ortiz's written and oral requests for an additional downward departure, and will sentence Trevino-Ortiz to a 6-month term of imprisonment.

A criminal history made up entirely of illegal reentry crimes signals to the Court that there is a problem of adequate deterrence. The Court believes that a sentence at the low end of the guideline range is appropriate to provide just punishment, without being too severe, and affects adequate deterrence, which the Court finds is necessary in this case, given the nature of Trevino-Ortiz' criminal history. The Court also believes that a sentence at the low end of the guideline range reflects the seriousness of the offense, impressing upon Trevino-Ortiz the importance of respecting the United States' immigration laws, and adequately protects the public, as Trevino-Ortiz' offense is non-violent. The Court believes that the sentence fully reflects each of the factors embodied in 18 U.S.C. § 3553(a), reflects a reasonable sentence, and is a sentence that is sufficient without being greater than necessary to comply with the purposes of punishment that Congress set forth in the Sentencing Reform Act.

**IT IS ORDERED** that the request for the Court to sua sponte downward departure from criminal history category III to category II is denied. The Court sentences Defendant Ignacio Alfredo Trevino-Ortiz to 6-months in the custody of the Bureau of Prisons.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
  United States Attorney
Norman Cairns
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

James P. Baiamonte
Albuquerque, New Mexico

    *Attorney for the Defendant*